**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **MICHAEL MARIENTHAL et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|    vs. ) | Cause No.  1:14-cv-1636-WTL-DKL |
| ) | |
| **ASSET ACCEPTANCE, LLC, and** ) | |
| **WRIGHT, LERCH & LITOW, LLP** ) | |
| ) | |
|   Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on Defendant Wright, Lerch & Litow, LLP's ("WLL") Motion to Dismiss (Dkt. No. 34) and Defendant Asset Acceptance, LLC's ("Asset") Motion for Judgment on the Pleadings (Dkt. No. 36). The motions are fully briefed, and the Court, being duly advised, **GRANTS** the motions for the reasons set forth below.

**I.   BACKGROUND**

On May 23, 2011, WLL filed an action in the Perry Township Small Claims Court on behalf of its client, Asset, against the Plaintiff. The Complaint sought to recover an unpaid credit card debt that the Plaintiff owed. On August 3, 2011, the parties agreed to the entry of judgment in the amount of $2,068.00 plus prejudgment interest of $1,252.70, for a total judgment of $3,320.70, plus costs and post-judgment interest.

The Plaintiff did not pay the agreed judgment, and WLL filed a Motion for Proceedings Supplemental on May 21, 2012. The Jewish Community Center Association ("JCCA") was determined to be the Plaintiff's employer, and on August 30, 2013, the JCCA answered interrogatories propounded to it as a garnishee defendant by WLL on behalf of Asset. On October 18, 2013, Perry Township Small Claims Court entered a Final Order of Garnishment

directing the JCCA to garnish the Plaintiff's wages and pay to Asset the amount set forth in the Order.

On November 25, 2014, the Plaintiff filed a Motion to Set Aside and Revoke Final Order of Judgment in the Perry Township Small Claims Court. The Plaintiff later withdrew that motion on the grounds that he had filed the instant action in this court.

## II.   DISCUSSION

The Plaintiff filed a three-count complaint alleging several violations of the Fair Debt Collection Practices Act ("FDCPA") and a state law conversion claim.[1] The Defendants seek dismissal of all of the claims; their arguments are addressed, in turn, below.

### A.  Statute of Limitations

The Plaintiff alleges that WLL violated Section 1692i of the FDCPA by filing the complaint and other legal proceedings in the wrong venue. The Plaintiff's claim is based on *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc), which held that, pursuant to the FDCPA, 15 U.S.C. ' 1692i(a)(2), a debt collector must file the action in the small claims court in which the debtor lived or signed the contract giving rise to the alleged debt.[2] In *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), the Seventh Circuit had held that Section 1692i(a)(2) allowed a debt collector to file a collection suit in a municipal district of the Cook County Circuit Court other than the one where the debtor resided. *Id.* at 819 (holding that because "the Municipal Department districts are neither defined as judicial districts, nor . . . function as

---

[1] Count 3 of the Complaint seeks class certification pursuant to Federal Rule of Civil Procedure 23. As no class has been certified, this ruling does not affect any party's rights other than the named Plaintiff.

[2] The FDCPA requires debt collectors to file collection actions in the "judicial district or similar legal entity" where the relevant contract was signed or where the debtor resides. 15 U.S.C. § 1692i(a)(2).

2

judicial districts," they "do not fit within the definition of 'judicial district' as employed by the FDCPA."). In July 2014, however, the Seventh Circuit, sitting en banc, overruled *Newsom*, concluding that the statutory reference to "judicial district or similar legal entity" means the "smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz*, 757 F.3d at 643.

The Defendants argue that the Plaintiff's claim that WLL violated 15 U.S.C. ' 1692i by filing its debt collection action in the wrong township is barred by the statute of limitations. The FDCPA contains a one-year statute of limitations. *See* 15 U.S.C. ' 1692k(d) ("an action to enforce liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs.") WLL filed the debt collection lawsuit on May 23, 2011, but the Plaintiff did not file his FDCPA complaint until October 7, 2014.

The Plaintiff argues that two principles are relevant in determining whether his claim is barred by the statute of limitations: the discovery rule and equitable tolling. With respect to the discovery rule, the Plaintiff argues that the relevant date is the date he discovered he had been injured. The Plaintiff argues that, although he knew he had been sued on the date of filing, he did not know that he had been injured until *Suesz* was decided in July 2014. The Plaintiff also argues that equitable tolling applies because he could not obtain the information necessary to decide whether the injury was actionable until March 2014, when a portion of his wages were seized.

While a plaintiff is not normally required to anticipate or defeat an affirmative defense in his complaint, if the complaint reveals that the defendant has an "airtight defense," it is appropriate for the Court to dismiss the suit on the pleadings. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A case may be dismissed at the pleading stage based on a statute of limitations defense when "a complaint plainly reveals that an action is untimely under the

governing statute of limitations." *Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quotation and citation omitted).

The FDCPA does not specify exactly when the limitations period begins to run for a violation of the venue provision, nor has the Seventh Circuit ruled on this issue. Two circuit courts have determined that the clock begins to run when the alleged wrongful litigation begins. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). As a general matter, a statute of limitations "begins to run upon injury . . . and is not tolled by subsequent injuries." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008).

The Plaintiff concedes that he "knew he had been sued as of the date of the filing." Dkt. No. 49 at 6. Because the violation of Section 1692i was complete when the suit was filed, the Plaintiff's injury occurred on that date. "It does not matter whether the plaintiff knows the injury is actionable -- he need only know that he has been injured." *Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010) (quotation and citation omitted). Because the Plaintiff's complaint was not filed until October 7, 2014, which is more than two years past the date the statute of limitations ran, the Plaintiff's claim is barred. As such, the Court **GRANTS** the Defendants' motion for judgment on the pleadings with respect to the Plaintiff's claim under 15 U.S.C. ' 1692i.[3]

---

[3] WLL moved to dismiss this portion of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. Because WLL had filed an Answer to the Complaint, the Court will treat WLL's motion as a Rule 12(c) motion. Asset brought its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## B. *Rooker-Feldman*

The Plaintiff also alleges the following additional violations of the FDCPA: violation of 15 U.S.C. ' 1692e(10) for presenting deceptive final orders of garnishment; violation of 15 U.S.C. ' 1692c(b) for causing deceptive and misleading forms to be delivered to third persons; violation of 15 U.S.C. ' 1692f(1) for collecting through garnishment proceedings in excess of that which is permissible; and violation of 15 U.S.C. ' 1692 et seq. by receiving and retaining monies garnished from the Plaintiff's wages in excess of the amount allowed by law to be garnished. The Defendants argue that the remainder of the Plaintiff's federal claims in Count 1, all related to the garnishment proceedings, should be dismissed for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, there are two categories of federal claims that are jurisdictionally barred: (1) instances where "a plaintiff[] request[s] . . . a federal district court to overturn an adverse state court judgment"; or (2) instances where federal claims were not raised in state court or do not require review of a state court's decision but yet 1`are "inextricably intertwined" with a state court judgment. *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citation omitted). The *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Commonwealth Plaza Condo. Ass'n v. City of Chicago*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Importantly, the purpose of the doctrine is to "preclude[] lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] *no matter how erroneous* or unconstitutional the state court judgment may be, the

Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (quotation and citation omitted) (emphasis added).

The Seventh Circuit has applied the *Rooker-Feldman* doctrine in several cases that, like this one, involve FDCPA claims that relate to state court judgments and garnishment orders. In *Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014), the Seventh Circuit held that the *Rooker–Feldman* doctrine barred a federal suit attacking an Indiana state court's garnishment order on FDCPA grounds. In that case, an Indiana small claims court entered a judgment against the plaintiff. *Id.* at 885. Nearly twenty years later, the creditor in that small claims action (who would later become the defendant in the federal action) asked to garnish the plaintiff's wages. *Id.* The small claims court entered a garnishment order. *Id.* The plaintiff moved to vacate that order, but the small claims court denied his motion. *Id.* Rather than appealing the small claims court's denial, the plaintiff filed a federal suit, claiming that the defendant creditor and his law firm had violated the FDCPA by making false statements regarding the identity of the defendant creditor. *Id.* The district court dismissed the federal suit as barred by the *Rooker–Feldman* doctrine. *Id.* The Seventh Circuit affirmed, holding that the garnishment order was a state court judgment, entitled to the protection of the *Rooker–Feldman* doctrine. *Id.* at 885–87. As the Seventh Circuit noted, "Section 1692e forbids debt collectors to tell lies but does not suggest that federal courts are to review state-court decisions about *whether* lies have been told. Section 1692e does not even hint that federal courts have been authorized to monitor how debt-collection litigation is handled in state court." *Id.* at 887.

As the Defendants point out, the instant case has several similarities to *Harold*. The Plaintiff, as did the plaintiff in *Harold*, attacks the validity of a final order of garnishment entered

6

by a state small claims court. The Plaintiff, as did the plaintiff in *Harold*, seeks to recover as damages amounts that were garnished from his wages pursuant to the small claims court's order of garnishment. As in *Harold*, for the Plaintiff to recover the damages claimed, the Court would be required to determine that the small claims court erred. The Plaintiff concedes that "proof of the Plaintiff's claims based upon the garnishment order will require proof of the fact [of] its invalidity." Dkt. No. 49 at 8. The *Rooker-Feldman* doctrine prohibits such a result.

Further, while "federal courts retain jurisdiction to award damages for fraud that imposes extrajudicial injury," *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015), the Plaintiff's complaint alleges no extrajudicial injury. Thus, no exception to the *Rooker-Feldman* doctrine applies. The Court simply has no jurisdiction to review the state court's actions. As such, the remainder of the Plaintiff's federal claims will be dismissed.

### C. The State Conversion Claim

The only remaining claim is the Plaintiff's state law claim of conversion. The Court's jurisdiction over this claim is based upon 28 U.S.C. ' 1367, which provides for the exercise of supplemental jurisdiction over claims based on state law that are closely related to the federal claim(s) in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to that general rule, and the court should decide the merits of a supplemental state claim when (1) the statute of limitations has run, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is "absolutely clear" how the state claims should be decided. *Davis v. Cook Cty.*, 534 F.3d 650, 654 (7th Cir. 2008).

None of those exceptions apply here. Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims asserted in the Plaintiff's Complaint.

### III.  CONCLUSION

For the reasons set forth above, the Defendants' motions for judgment on the pleadings are **GRANTED** on the venue claim and judgment will be entered in favor of the Defendants on that claim. The remainder of the claims in Count 1 are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over the state law conversion claim; accordingly, it is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED: 3/1/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.